IN THE DISTRICT COURT OF TULSA COUNTY
STATE OF OKLAHOMA

**DISTRICT COURT FILED**

MAR 29 2018

DON NEWBERRY, Court Clerk
STATE OF OKLA. TULSA COUNTY

| | | |
|---|---|---|
| ADEL ALKAZAZ, | ) | DANA LYNN KUEHN |
| Plaintiff, | ) Case No.: | |
| v. | ) | |
| | ) ATTORNEY LIEN CLAIMED | |
| STATE FARM FIRE AND CASUALTY COMPANY, | ) ) | |
| Defendant. | | **CJ-2018-01381** |

## PETITION

COMES NOW the Plaintiff, Adel Alkazaz, and for his cause of action against State Farm Fire and Casualty Company ("State Farm"), sets forth and states as follows:

### PARTIES, JURISDICTION & VENUE

1. Plaintiff is a citizen of Oklahoma residing in Tulsa County, Oklahoma.

2. Defendant State Farm is a foreign corporation conducting regular business in Tulsa County, Oklahoma.

3. The acts, occurrences and omissions complained of herein occurred in Tulsa County, Oklahoma.

4. This court has jurisdiction and venue is proper in Tulsa County, Oklahoma.

### FACTS COMMON TO ALL CLAIMS

5. Paragraphs 1-4 are incorporated herein by reference.

6. On or about September 3, 2016, Plaintiff owned a residence located at 3412 S. 82nd E. Ave., Tulsa, OK 74145 ("Alkazaz Property").

Exhibit 2

7. On such date, the Alkazaz Property was insured by a policy of homeowner's insurance written by Defendant.

8. On such date, the Alkazaz Property was significantly damaged by a magnitude 5.8, high intensity earthquake that shook the Tulsa area.

9. The insurance policy at issue provides coverage for damages caused by earthquake.

10. Plaintiff made due demand on Defendant to provide benefits for such damages under the policy.

11. Plaintiff made his property available to State Farm and its agents and representatives for inspection and otherwise cooperated with State Farm and complied with all requests for information.

12. State Farm wrongfully denied Plaintiff's claim on June 6, 2017.

13. Thereafter, Plaintiff provided additional evidence to State Farm to support his claim after retaining, at his expense, an independent engineering expert to inspect and investigate the cause of the loss, who confirmed that the loss was caused by earthquake.

14. State Farm refused to reconsider its denial in light of this evidence.

15. Plaintiff relied on Defendant State Farm to properly handle his claim and make payment pursuant to the aforementioned insurance policy. Plaintiff has met all of the conditions precedent for payment of claims under the insurance policy.

16. Defendant has unreasonably failed and refused to pay any benefits under the insurance policy.

## CAUSES OF ACTION

## COUNT I. Breach of Contract

17.     Paragraphs 1-16 are incorporated herein by reference.

18.     Plaintiff's property was insured by a policy of with Defendant State Farm at the time of the subject loss.

19.     Pursuant to the terms of the policy of insurance with Defendant, this is a situation wherein the coverage contained in said policy applies.

20.     Plaintiff requested Defendant to tender payment under said policy, and Defendant has failed to tender said payment in connection with said policy. Plaintiff has performed all conditions precedent under the policy.

21.     Defendant has breached its contract of insurance and has wholly refused or neglected to pay Plaintiff the value of his damages. Said failure constitutes a breach of contract of said insurance policy, and the Plaintiff is entitled to a judgment against Defendant for the limits of the uninsured motorist policy coverage.

## COUNT II. Breach of the Duty of Good Faith and Fair Dealing

22.     Paragraphs 1-21 are incorporated herein by reference.

23.     In its handling of Plaintiffs' claim for benefits under the insurance policy, and as a matter of routine practice in handling similar claims, Defendant breached its duty to deal fairly and in good faith towards Plaintiff and others in the following respects:

   a. Failing to pay Plaintiff the insurance benefits that it knew he was entitled to under the policy at the time when Defendant knew the Plaintiff was entitled to those benefits;

b. Withholding payment of benefits to the Plaintiff knowing that Plaintiff's claim for those benefits was valid;

c. Refusing to honor Plaintiff's claim without legitimate, arguable reason and wholly lacking any evidence or support for its refusal;

d. Unreasonably delaying payment of some benefits and denying Plaintiff's claim for some benefits without reasonable basis;

e. Refusing to pay Plaintiff's claim for reasons contrary to the express provisions of the law;

f. Intentionally and recklessly misapplying the provisions of the insurance policy;

g. Using its unequal wealth and bargaining position to overwhelm and take advantage of the Plaintiff and to effect an economic gain for the Defendant by not paying an amount that it owed by virtue of the insurance contract;

h. Failing to properly investigate the Plaintiff's claim for benefits;

i. Failing to properly evaluate the investigation that was done on Plaintiff's claim for benefits;

j. Failing to adopt and implement reasonable standards for the prompt investigation and handling of claims arising under the policies including the claims of the Plaintiff's;

k. Failing to attempt to act in good faith to effectuate a prompt, fair settlement for the Plaintiff's claim; and

24. As a direct result of Defendant's breach of the implied duty of good faith and fair dealing, Plaintiff has suffered the loss of the insurance policy benefits, mental and emotional distress, anxiety, embarrassment medical expenses and financial hardship, all of which are in excess of seventy-five thousand dollars ($75,000.00.)

25. Plaintiff has retained an attorney to prosecute this action and is thus entitled to a reasonable attorney fee as well as the costs expended in pursuit of this litigation.

## COUNT III. Punitive Damages

26. Paragraphs 1-25 are incorporated herein by reference.

27. The intentional, wanton and reckless conduct of Defendant in disregard of Plaintiff and others is, and was, conducted with full knowledge, in that Defendant knew, or should have known, of the severe adverse consequences of their actions upon Plaintiff and others.

28. That such actions and or inactions were not only detrimental to the Plaintiff but the public in general.

29. Defendant acted intentionally, maliciously and in reckless disregard for the rights of the Plaintiff. As a result, the Plaintiff is entitled to recover punitive damages against the Defendants for these actions in an amount exceeding seventy-five thousand dollars ($75,000).

WHEREFORE, Plaintiff prays this Court enter judgment against Defendant and grant him the relief sought including, but not limited to, actual damages in excess of seventy-five thousand dollars ($75,000.00), costs, pre-judgment interest, attorney's fees,

punitive damages in excess of seventy-five thousand dollars ($75,000.00), post-judgment interest and all other relief deemed appropriate by this Court.

Respectfully submitted by,

SMOLEN, SMOLEN & ROYTMAN, PLLC

Donald E. Smolen, II, OBA #19944
Laura L. Hamilton, OBA #22619
701 South Cincinnati Avenue
Tulsa, OK 74119
(918) 585-2667
(918) 585-2669 (Fax)
donaldsmolen@ssrok.com
laurahamilton@ssrok.com
*Attorneys for Plaintiff*